IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | § | |
|---|---|---|
| DOWDUPONT INC., CORTEVA, | § | |
| INC., and E. I. DU PONT DE | § | No. 268, 2019 |
| NEMOURS and COMPANY, | § | |
| | § | Court Below—Court of Chancery |
| Defendants Below, | § | of the State of Delaware |
| Appellants, | § | |
| | § | C.A. No. 2019-0351 |
| v. | § | |
| | § | |
| THE CHEMOURS COMPANY, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: June 24, 2019
Decided: June 26, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### **O R D E R**

After considering the notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)  This interlocutory appeal arises from a Court of Chancery bench ruling that a complaint would be unsealed based on the parties' failure to comply with Court of Chancery Rule 5.1.  The following events led to this ruling.  On May 13, 2019, The Chemours Company filed a sealed complaint under Court of Chancery Rule 5.1(e) against DowDuPont Inc., Corteva, Inc., and E.I. du Pont de Nemours and Company (collectively, the "DuPont Parties").  On May 16, 2019, Chemours

filed a public version of the complaint, as required by Rule 5.1,[1] that was entirely redacted at the request of the DuPont Parties. The Register in Chancery rejected the filing. On May 17, 2019, Chemours filed an untimely, public version of the complaint that was substantially redacted.

(2) On May 23, 2019, the Court of Chancery held a teleconference to review the parties' failure to comply with Rule 5.1 and to determine whether the complaint should be unsealed in its entirety. The parties' lack of compliance with Rule 5.1 included failing to file a cover sheet that summarized the claims asserted "in sufficient detail to inform the public of the nature of the dispute,"[2] filing a public version of the complaint that was entirely redacted, and filing an untimely, public version of the complaint that was substantially redacted and unhelpful to the public's understanding of the controversy. Chemours stated that it wished to cooperate with the DuPont Parties' position on confidentiality and would comply with whatever the Court of Chancery ordered. The DuPont Parties argued that there was good cause for the parties' actions because the parties' dispute was subject to mandatory, confidential arbitration and the complaint should never have been filed in the Court of Chancery. The DuPont Parties also noted that the litigation was similar to *Early*

---

[1] Ch. Ct. R. 5.1(e)(3) ("The plaintiff shall file public versions of the complaint and any related Documents within three days after filing the Confidential Filings.").
[2] Ch. Ct. R. 5.1(e)(1).

*v. Trend Capital*, C.A. No. 2019-0064 (Del. Ch.) in which many filings were under seal pending an arbitrator's resolution of arbitrability. The DuPont Parties acknowledged that the public version of the complaint in that case was not as substantially redacted as the Chemours' complaint.

(3) The Court of Chancery ruled that the parties failed to comply with Rule 5.1 and that the complaint should be unsealed. The Court of Chancery found that the remedy for Chemours' potential breach of an arbitration agreement was a breach of contract action, not keeping the entire matter from the public. The unsealing of the complaint was deferred pending the parties' pursuit of an interlocutory appeal. In response to the DuPont Parties' request for the opportunity to submit a revised, redacted version of the complaint, the Court of Chancery invited them to file a motion for reargument and to include a proposed public version of the complaint for the Court's consideration.

(4) The DuPont Parties did not file a motion for reargument. Instead, on June 3, 2019, they filed an application for certification of an interlocutory appeal. The DuPont Parties argued that certification was appropriate because the interlocutory ruling involved a question of law decided for the first time in Delaware—whether an agreement that mandates confidential arbitration and delegates the issue of arbitrability to the arbitrator constitutes good cause for confidential treatment of a complaint under Rule 5.1 pending the resolution of a

motion to dismiss for lack of subject matter jurisdiction. The DuPont Parties also argued that the ruling conflicted with the *Early* proceedings and that interlocutory review would serve considerations of justice in light of the irreparable harm to the DuPont Parties if the complaint were unsealed. Chemours did not oppose the application for interlocutory review or the DuPont Parties' request for confidential treatment of the complaint.

(5) On June 7, 2019, the Court of Chancery denied the application for certification. The Court of Chancery found that the ruling decided a substantial question of material importance to the parties, but that the Rule 42(b)(iii) factors did not weigh in favor of interlocutory review. The Court of Chancery emphasized that its ruling addressed whether the parties complied with Rule 5.1, not whether the existence of a confidential arbitration provision justified confidential treatment of a complaint under Rule 5.1.

(6) Turning to the Rule 42(b)(iii) criteria, the Court of Chancery found that the question of whether a contractual confidentiality provision between parties justified complete secrecy of a complaint, notwithstanding non-compliance with Rule 5.1, was a question of first impression that would support an interlocutory appeal. As to the existence of conflicting decisions, the Court of Chancery distinguished *Early* on the grounds that it did not involve a complaint entirely sealed from public view and that the parties presumably complied with Rule 5.1. Finally,

4

the Court of Chancery concluded that the interests of justice did not favor interlocutory review because the DuPont Parties had a legal remedy for Chemours' alleged breach of the arbitration agreement and Court of Chancery matters are presumed to be public unless the parties comply with Rule 5.1.

(7)     Applications for interlocutory review are addressed to the sound discretion of the Court.[3]  We agree with the Court of Chancery that interlocutory review is not warranted in this case.  As set forth in the Court of Chancery's well-reasoned order, the interlocutory ruling addressed the consequences of the parties' non-compliance with Rule 5.1, not whether a confidential arbitration provision constitutes good cause for confidential treatment of a complaint under Rule 5.1.  The DuPont Parties might have avoided the risk of irreparable harm from the unsealing of the complaint by filing a motion for reargument and a revised public version of the complaint as was discussed at the May 23rd hearing.  Instead, they chose to file an application for interlocutory review of a question that was not before the Court of Chancery.  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  The case is not exceptional,[4] and the

---

[3] Supr. Ct. R. 42(d)(v).
[4] Supr. Ct. R. 42(b)(ii).

5

potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] Supr. Ct. R. 42(b)(iii).